Daniel S. Alter
Attorney for the Debtor/Plaintiff
360 Westchester Avenue #316
Port Chester, New York 10573
(914) 393-2388

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:                                                                           Chapter 7

CARMEN NIEVES,
                                                                                     Case No. 20-22720(RDD)
                                    Debtor.
-----------------------------------------------------------x

CARMEN NIEVES,
                                    Plaintiff,            Adv. Proc. No. 21-____(RDD)

    -against-

EDUCATIONAL CREDIT
MANAGEMENT CORPORATION,

                                    Defendant.
-----------------------------------------------------------x

## COMPLAINT SEEKING DISCHARGE OF STUDENT
## LOANS PURSUANT TO 11 U.S.C. § 523(a)(8)

Plaintiff, Carmen Nieves ("Plaintiff" or "Nieves" or "Debtor"), by her attorney, Daniel S. Alter, as and for her Complaint against Educational Credit Management Corporation ("Defendant" or "ECMC"), respectfully represents:

1.    The adversary proceeding herein is filed under Rule 7001 of the Federal Rules of Bankruptcy Procedure, seeking a determination that the Plaintiff is entitled to receive an undue hardship discharge of a student loan obligation held by the Defendant pursuant to §523(a)(8) of the United States Bankruptcy Code ("the Bankruptcy Code").

2.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334.

3.    This is a core proceeding pursuant to 28 U.S.C. §157.

4.    The Plaintiff is Carmen Nieves, the Debtor in the above-captioned Chapter 7 matter.

1

5. The Defendant is Educational Credit Management Corporation, the holder of the Debtor's Consolidation student loan, previously held by New York State Higher Education Services.

6. On June 3, 2020 (the "Filing Date"), Nieves filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The matter was assigned case number 20-22720(RDD).

7. In or about September, 1995, when the Plaintiff was approximately thirty-four years old, the Plaintiff entered into an initial student loan agreement in which the Defendant provided funding for use by the Plaintiff for educational benefit purposes (the "Loan").

8. The initial principal amount of the Loan was approximately $25,000.00.

9. In the twenty-five year period since entering the Loan agreement, the Debtor has acted in good faith in attempting to repay the Loan, has made more than the majority of monthly payments due under the Loan agreement, and has paid back an amount well in excess of the original principal amount of the Loan.

10. In addition to the numerous payments that the Debtor has made under the Loan agreement, the Debtor has had her salary garnished on numerous instances, in amounts of approximately of $750 per month and, at other times, in the amounts of approximately $170 per month.

11. The Defendant alleges that, as of January 7, 2021, the total amount due on the Loan to the Defendant is $74,342.30, almost triple the original principal amount of the Loan, despite the Debtor having made regular payments over many years and despite many thousands of dollars having been garnished from the Debtor's wages.

12. The Debtor's Schedules and Statement of Financial Affairs (the "Schedules"), filed with this Court reflect, *inter alia*, that the Debtor's monthly expenses exceed the Debtor's monthly income. Additionally, the Schedules reflect that the Debtor has non-dischargeable IRS debt in the amount of approximately $11,610.06. The Debtor is also approximately $10,000 in arrears with payments due on her residential mortgage.

13. The Debtor will turn 60 years old in 2021.

14. The Debtor is divorced and lives with her son who has been unemployed and is a dependent of the Debtor.

### AS AND FOR A FIRST CAUSE OF ACTION FOR DISCHARGE OF DEBTOR'S STUDENT LOAN OBLIGATION PURSUANT TO BANKRUPTCY CODE SECTION § 523(a)(8)

15. Plaintiff repeats and realleges each and every allegation as set forth above as if fully set forth at length herein.

16. The Debtor cannot maintain, based on current income and expenses, a minimal standard of living for herself if forced to repay the Loan

17. While operating at a monthly deficit, and with non-dischargeable IRS debt and mortgage arrears, the Debtor's state of affairs is likely to persist for a significant (if not entire) portion of the Loan period, which has less than five years remaining.

18. The Debtor has made good faith efforts to repay the Loan

19. Due to the aforementioned noninclusive allegations, the Loan has and will continue to cause undue hardship upon the Debtor and should, therefore, be discharged pursuant to the hardship provision contained in §523(a)(8) of the Bankruptcy Code.

**WHEREFORE**, Plaintiff requests this Court enter a Judgment granting a discharge of her student loan, pursuant to and in accordance with §523(a)(8) of the Bankruptcy Code and (ii) granting such other and further relief as is just and equitable.

Dated: Port Chester, New York
April 27, 2021

By: */s/ Daniel S. Alter*_____
Daniel S. Alter
Attorney for Debtor/Plaintiff
360 Westchester Avenue #316
Port Chester, New York 10573
(914) 393-2388